Doyle, J.
The relator seeks a writ of mandamus to compel the treasurer of Lorain county to publish the tax rate of 1910 in the Lorain Post, a newspaper printed in said county in the German language and owned by the relator.
The defendant demurs to the petition because it does not state facts sufficient to constitute a cause of action, and also because relator has no right to prosecute this action, and further com *591 plains that Section 6253, General Code, on which relator partly predicates its action, is unconstitutional.
It is only necessary in disposing of this case to consider the second objection. The cases cited by relator were examined, and that examination disclosed that State, ex rel, v. Commissioners, 56 O. S., 631, was an action brought by the proprietor of a newspaper, a tax-payer, and eligible to publish the document in question when filed, to compel commissioners to file their annual statement, or report, with the court. Writ was allowed, but no issue was made on the right of relator to bring the action. This, however, was not an action to compel the commissioners to publish with the relator.
State v. Brown, 38 O. S., 344, was an action to compel the sheriff to give notice and make proclamation of an election of a judge. Action was brought on relation of an elector of the county. The case was decided on another point, but the court remarked that the relator as a citizen was interested in having judges to administer-the law, as an elector was entitled to vote for a judge and was eligible himself to the office, and these constituted his beneficial interest. In this case as well as in State, ex rel, v. Tauzey, 49 O. S., 656, it may have been said that to refuse the writ would have been a serious public injury, so in State v. Nash, 66 O. S., 612, the Attorney-General refusing to bring the action, a private citizen was allowed to maintain it for the public good.
In the case of State v. Commissioners, 22 O. C., 57, the relator was certainly beneficially interested, because the right to the fees claimed had already accrued and a duty devolved upon the commissioners to issue the proper warrant.
In the present case the relator has no right to publish the commissioners’ report until the proper contract has been made. It has no interest in this matter except as a tax-payer, and as such can not bring this action to compel the officials .in question to do their duty. Such an action must be brought by a public official whose duty it is to enforce official duty on other officials.
To allow any tax-payer to bring proceedings in mandamus against an official whom he judges is not following his legal *592 duty;- would open a fruitful field for annoyance of public officials and unwise and unnecessary multiplicity of suits. The more orderly way is to leave the instituting of these extraordinary proceedings to the officers clothed by ’law with the authority, to determine when the writ of mandamus should be invoked and to institute the proper-proceedings to secure its aid in enforcing official duty.
A case similar to this case was passed upon in State v. Commissioners, 4 N. P., 180, and the relator held not entitled to maintain the proceedings. That was an action to compel commissioners to publish (under Section 917, Revised Statutes) their annual report. The court in passing upon the issue said:
"The purpose of the law being to give information to the public, each member of the public is alike interested in it and the duty to furnish the information; and; hence, the duty of the commissioners to cause- the report to be printed, is purely a pub-lip duty. The interest of publishers of newspapers is purely incidental.”
The judgment of the common pleas court in the above case was affirmed by the Circuit Court of Preble County at its May term, 1896.
The fact that the relator may own the only German paper able to qualify for the publication under Sections 2648 and 6253 of the' General Code, is a mere accident and would not add to relator’s rights.
This fact is; however, not set forth in the petition and for that reason would defeat relator’s right to predicate anything upon it in the' action, but even though it were sei forth in the petition, the relator would have no right to invoke this extraordinary remedy.
The’ demurrer to the petition is sustained.